IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ERIN PATRICIA CLITES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. CBD-17-0295 |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner, Social Security Administration | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Erin Patricia Clites ("Plaintiff") brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 19) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 20). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

I. **Procedural Background**

On February 6, 2013, Plaintiff filed for DIB under Title II and SSI under Title XVI, alleging disability beginning March 3, 2011. R. 194–201; R. 185–93. Plaintiff alleged disability due to plantar fasciitis and reconstructive surgery of the left foot. R. 22. Plaintiff's claims were

1

initially denied on September 12, 2013. R. 74–99. Subsequently, Plaintifff filed for reconsideration on November 6, 2013, and Defendant affirmed her initial determination on February 19, 2014. R. 133; R. 100–25. An administrative hearing was held on September 30, 2015, R. 17–35, and on December 11, 2015, the claim was denied. R. 15–16. Plaintiff sought review by the Appeals Council, which concluded on December 7, 2016, that there was no basis for granting the Request for Review. R. 1–6.

**II.     Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less

than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.' "). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If she does not have such

3

impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545 (a), 416.945 (a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 21–30. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 3, 2011. R. 22. At step two, under 20 C.F.R. §§ 404.1520(c) and 416.920(c), the ALJ determined that Plaintiff has the following severe impairments: plantar fasciitis and reconstructive surgery of the left foot. R. 22–23. The ALJ stated that "when considered in the aggregate, [the record] support[s] a conclusion that the above impairments cause significant limitation on the claimant's ability to perform basic work activities during the period being adjudicated." R. 23.[1] At step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. R. 24. At step four, the ALJ determined that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. §§404.1567(c) and 416.967(c) except that Plaintiff can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. *Id.* The ALJ further determined that Plaintiff can occasionally balance, stoop, kneel, crouch, and crawl; Plaintiff can have occasional exposure to extreme cold and no exposure to hazards. *Id.* At step five, the ALJ determined that Plaintiff is unable to perform any past relevant work as a forklift/industrial truck operator. R. 28–29. However, the ALJ then concluded that there are jobs that exist in significant numbers in the national economy that accommodate Plaintiff's known limitations, and accordingly, Plaintiff is not disabled within the meaning of the Social Security Act. R. 29–30.

---

[1] The ALJ also noted that Plaintiff's bipolar disorder, mood disorder and/or opioid dependence do not "impose any significant restrictions on the claimant's ability to perform basic work activities." R. 23. The ALJ supported this assertion after considering the "four broad foundational areas set out in the disability regulations for evaluation mental disorders. *Id.*

5

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in her favor, or in the alternative, remand this matter to the Social Security Administration for a new administrative hearing, alleging that the ALJ failed to support his final decision with substantial evidence. Pl.'s Mot. 3, 16. For the reasons set forth below, the Court reverses and remands the ALJ's decision.

As discussed earlier, at step three of the five step process, the ALJ made the determination that Plaintiff did not have an impairment or combination of impairments that met the severity of one of the listed impairments, specifically finding that Plaintiff's impairments did not meet listing 1.03. R. 24. The ALJ reasoned that Plaintiff did not meet listing 1.03 because "she is able to ambulate effectively and effective ambulation occurred within 12 months," while referencing nine documents from Plaintiff's medical records. *Id.* However, the ALJ failed to provide sufficient explanation for his finding, and while Defendant attempts to identify sufficient evidence from the record supporting the ALJ's findings, the "primary function of this Court on review. . . is not to try plaintiff's claim *de novo*, but rather to leave the findings of fact to the agency and to determine upon the whole record whether the agency's decision is supported by substantial evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (4th Cir. 2002). Additionally, "although it is clear that the ultimate responsibility for deciding whether a claimant's impairments meet or equal any in the LOI is reserved to the Commissioner, it is also clear that an ALJ has a duty to explain the basis for his decision." *Id.* at 519.

While this Court is required to accept the ALJ's factual findings if they are supported by substantial evidence with the application of the correct legal standard, it cannot affirm findings in the absence of substantial evidence. *Owens v. Comm'r, Soc. Sec.*, Civ. Case No. MJG-17-829, 2017 WL 6621107 at *1 (D. Md. Dec. 28, 2017) (citing 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig*

*v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)). This Court, and the Fourth Circuit, has made it clear that upon a finding that a claimant's impairments do not meet the requirements of a specific listing, the ALJ must support that finding with more than a conclusory statement. *See Schoofield*, 220 F. Supp. 2d, at 519. In the instant case, the Court is unable to make a determination on whether the ALJ's decision is supported by substantial evidence, as the ALJ's decision rests solely on his conclusory statement that "the claimant does not meet listing 1.03 because she is able to ambulate effectively and effective ambulation occurred within 12 months." R. 24. The Court is persuaded by Plaintiff's objections that accepting Defendant's arguments, not raised by the ALJ is his decision, would cause the Court to take on the role of fact finder. Instead, the Court must look to the ALJ's decision and the specific references to the evidence presented, or lack thereof, in making its determination.

In his finding that Plaintiff's impairments did not meet or equal the requirements of listing 1.03, the ALJ made specific reference to nine pages presented in three exhibits: Ex. 1F at p. 2, 3F at p. 8, 19, 24, 29, 33, 43, and 69, and 8F at p. 25. The Court finds that the evidence referenced supports the ALJ's finding that effective ambulation occurred within 12 months. Specifically, the ALJ makes reference to medical records presented as evidence that Plaintiff's gait was determined to be normal on August 24, 2010 (Ex. 1F, p. 2), April 24, 2013 (Ex. 3F, p. 8, 19, 24, 29, 33, 43 and 69), and January 24, 2014 (Ex. 8F, p. 25). However, the Court is persuaded that contradictory evidence is also present in the record. *See, e.g.*, R. 786 (noting that Plaintiff suffered from "gait dysfunction" in November, 2013.); R. 1361 (indicating that Plaintiff suffered from impairments related to gait and weight-bearing in October, 2014). While Defendant attempts to contend that this evidence does not contradict the ALJ's decision, the ALJ

did not address this evidence in his decision. As such, the Court finds that the ALJ failed to provide sufficient explanation for her conclusion in the face of contradictory evidence. Indeed, "when faced with evidence in the record contradicting his conclusion, the ALJ must affirmatively reject that contradictory evidence and explain his rationale for doing so." *Schoofield*, 220 F. Supp. 2d, at 519; *citing to Director, OWCP v. Congleton*, 743 F.2d 428, 430 (6th Cir. 1984) (finding that an ALJ's "conclusory opinion, which does not encompass a discussion of the evidence contrary to his findings, does not warrant affirmance."). After reviewing Plaintiff's Motion, Defendant's Motion and the record, the Court is convinced that remand is warranted for the ALJ to address contradictory evidence present in the record.

The Court finds that the ALJ failed to provide sufficient explanation as to why contradictory evidence was rejected. Without guidance from the ALJ about why this contradictory evidence was not considered, the Court is left to speculate. The Court remands the case back to the ALJ with the specific instruction to develop the record by providing an explanation addressing the contradictory evidence presented.

**IV.     Conclusion**

Based on the foregoing, the Court **REVERSES** and **REMANDS** this matter for further clarification.

March 9, 2018                                                                          /s/
                                                                                  Charles B. Day
                                                                                  United States Magistrate Judge

CBD/gbc

8